James Cato, Jr.
CDCR# H35663
P.O. Box 5242
Corcoran, Ca.
93212

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO

James Cato, Jr.,
      Plaintiff,

   V.

M. Darst,
C. Romero,
W. Bennett,
C. Snyder,
T. Campbell,
M. Delagarza-Dillard,
D. Shiplet,
N. Albonico,
      Defendants.

1:17-cv-01153-MJS-(PC)

42 U.S.C. §1983

CIVIL COMPLAINT

A. JURISDICTION

JURISDICTION IS INVOKED PURSUANT TO 28 U.S.C. SECTION 1331 AND 1343(a), 42 U.S.C. §1983, U.S.C. EIGHTH AND FOURTEENTH AMENDMENTS.

B. PARTIES

1. PLAINTIFF:

THIS COMPLAINT ALLEGES THAT THE CIVIL RIGHTS OF PLAINTIFF, JAMES CATO, JR., WHO PRESENTLY RESIDES AT C.S.A.T.F. / CORCORAN PRISON.

1.

P.O. Box 5242, CORCORAN, CA. 93212, WERE VIOLATED BY THE ACTIONS OF THE BELOW NAMED INDIVIDUALS. THE ACTIONS IN COUNT ONE WERE DIRECTED AGAINST PLAINTIFF AT HIGH DESERT STATE PRISON, SUSANVILLE, CA. 96127, ON MARCH 5, 2013; THE ACTIONS IN COUNT TWO WERE DIRECTED AGAINST PLAINTIFF AT HIGH DESERT STATE PRISON, SUSANVILLE, CA. 96127, ON MARCH 6, 2013 AND MARCH 7, 2013; THE ACTIONS IN COUNT THREE WERE DIRECTED AGAINST PLAINTIFF AT HIGH DESERT STATE PRISON, SUSANVILLE, CA. 96127, ON AUGUST 5, 2013 AND SEPTEMBER 4, 2013.

2. DEFENDANT'S.

DEFENDANT, M. DARST, RESIDES IN LASSEN COUNTY, AND IS EMPLOYED AS A CDCR CORRECTIONAL OFFICER. THIS DEFENDANT IS SUED IN HIS/HER INDIVIDUAL AND OFFICIAL CAPACITY. THIS DEFENDANT WAS ACTING UNDER COLOR OF LAW AS A CALIFORNIA PEACE OFFICER PER CAL. PENAL CODE 830.2.

DEFENDANT, C. ROMERO, RESIDES IN LASSEN COUNTY, AND IS EMPLOYED AS CDCR CORRECTIONAL OFFICER. THIS DEFENDANT IS SUED IN HIS/HER INDIVIDUAL AND OFFICIAL CAPACITY. THIS DEFENDANT WAS ACTING UNDER COLOR OF LAW AS A CALIFORNIA PEACE OFFICER PER CAL. PENAL CODE 830.2.

DEFENDANT, M. DELAGARZA-DILLARD, RESIDES IN LASSEN COUNTY, AND IS EMPLOYED AS A CDCR CORRECTIONAL OFFICER. THIS DEFENDANT IS SUED IN HIS/HER INDIVIDUAL AND OFFICIAL CAPACITY. THIS DEFENDANT WAS ACTING UNDER COLOR OF LAW AS A CALIFORNIA PEACE OFFICER PER CAL. PENAL CODE 830.2.

1  DEFENDANT, C. SNYDER, RESIDES IN LASSEN COUNTY, AND IS EM-
2  PLOYED AS A CDCR CORRECTIONAL OFFICER. THIS DEFENDANT IS
3  SUED IN HIS / HER INDIVIDUAL AND OFFICIAL CAPACITY. THIS DE-
4  FENDANT WAS ACTING UNDER COLOR OF LAW AS A CALIFORNIA
5  PEACE OFFICER PER CAL. PENAL CODE 830.2.

6

7  DEFENDANT, T. CAMPBELL, RESIDES IN LASSEN COUNTY, AND IS
8  EMPLOYED AS A CDCR CORRECTIONAL OFFICER. THIS DEFENDANT IS
9  SUED IN HIS / HER INDIVIDUAL AND OFFICIAL CAPACITY. THIS DEFENDANT
10 WAS ACTING UNDER COLOR OF LAW AS A CALIFORNIA PEACE OFFICER
11 PER CAL. PENAL CODE 830.2.

12

13 DEFENDANT, W. BENNETT, RESIDES IN LASSEN COUNTY, AND IS
14 EMPLOYED AS A CDCR CORRECTIONAL OFFICER. THIS DEFENDANT IS SUED
15 IN HIS / HER INDIVIDUAL AND OFFICIAL CAPACITY. THIS DEFENDANT
16 WAS ACTING UNDER COLOR OF LAW AS A CALIFORNIA PEACE OFFICER
17 PER CAL. PENAL CODE 830.2.

18

19 DEFENDANT, D. SHIPLET, RESIDES IN LASSEN COUNTY, AND IS EMPLOYED
20 AS A CDCR CORRECTIONAL OFFICER. THIS DEFENDANT IS SUED IN HIS / HER
21 INDIVIDUAL AND OFFICIAL CAPACITY. THIS DEFENDANT WAS ACTING UN-
22 DER COLOR OF LAW AS A CALIFORNIA PEACE OFFICER PER CAL. PENAL CODE
23 830.2.

24

25 DEFENDANT, N. ALBONICO, RESIDES IN LASSEN COUNTY, AND IS EMPLOYED
26 AS A CDCR CORRECTIONAL OFFICER. THIS DEFENDANT WAS ACTING UNDER
27 COLOR OF LAW AS A CALIFORNIA PEACE OFFICER PER CAL. PENAL CODE
28 830.2, AND IS SUED IN HIS / HER INDIVIDUAL AND OFFICIAL CAPACITY.

<u>COUNT ONE</u> - THE FOLLOWING CIVIL RIGHTS HAVE BEEN VIOLATED:
U.S.C. EIGHTH AND FOURTEENTH AMENDMENT.

<u>SUPPORTING FACTS</u> -

ON MARCH 5, 2013, CORRECTIONAL OFFICER M. DELAGARZA-DILLARD DID WILLFULLY USE EXCESSIVE FORCE AGAINST MY PERSON. THE ACTIONS OF M. DELAGARZA-DILLARD SERVED NO PENOLOGICAL INTERESTS AND SO VIOLATED PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT.

ON MARCH 5, 2013, CORRECTIONAL OFFICER T. CAMPBELL DID WILLFULLY USE EXCESSIVE FORCE AGAINST MY PERSON. THE ACTIONS OF T. CAMPBELL SERVED NO PENOLOGICAL INTERESTS AND SO VIOLATED PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT.

ON MARCH 5, 2013, CORRECTIONAL OFFICER C. SNYDER DID WILLFULLY USE EXCESSIVE FORCE AGAINST MY PERSON. THE ACTIONS OF C. SNYDER SERVED NO PENOLOGICAL INTERESTS AND SO VIOLATED PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT.

ON MARCH 5, 2013, CORRECTIONAL OFFICER W. BENNETT DID WILLFULLY USE EXCESSIVE FORCE AGAINST MY PERSON. THE ACTIONS OF W. BENNETT SERVED NO PENOLOGICAL INTERESTS AND SO VIOLATED PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT.

# A Full Account of the Incident Supporting Facts in Count
## One

1. On March 5, 2013, I was to be interviewed for a group appeal that I filed on the racial discriminatory practices at High Desert State Prison. As I reported to the officer's unit for the interview there was two officer's present that were standing off to the side, one being officer M. Delagarza-Dillard.

2. Before I could even sit down I was verbally assaulted by the interviewing officer. Without saying a word I turned and exited the office. As I walked away I over heard an officer say, "Don't worry. We'll get him." I turned around to see who had made this threat and saw officer M. Delagarza-Dillard standing at the entrance of the officers unit with the interviewing officer staring at me.

3. About 30 to 45 minutes later inmate dayroom had commenced. Plaintiff came out to dayroom carrying his radio; went to an unoccupied table; sat his radio on the table and waited for a shower.

4. Officer M. Delagarza-Dillard walked over to the table in which I sat; picked up my radio; said my radio was altered and walked away with my radio.

5. I then went to my cell and retrieved all proof of owner-

SHIP FOR MY RADIO THEN WENT TO THE OFFICER'S UNIT TO SPEAK TO OFFICER M. DELAGARZA-DILLARD ABOUT THE WRONGFUL TAKING OF MY RADIO.

6. PLAINTIFF SAT IN A CHAIR OUTSIDE THE OFFICER'S UNIT AND PRESENTED HIS PROOF OF OWNERSHIP TO OFFICER M. DELAGARZA-DILLARD. AS I SAT IN THE CHAIR MORE OFFICER'S ARRIVED IN THE UNIT AND FORMED A HALF CIRCLE AROUND ME.

7. REMEMBERING THE THREAT I OVERHEARED EARLIER BE-TWEEN OFFICER M. DELAGARZA-DILLARD AND THE INTERVIEWING OFFICER I NOW FEARED FOR MY SAFETY. I GOT UP FROM THE CHAIR I SAT, TURNED MY BACK ON ALL THE OFFICER'S PRESENT AND STARTED TO WALK AWAY. I THEN HEARD OFFICER M. DELAGARZA-DILLARD SAY, "GET HIM". I HEARD THE JINGLING OF KEYS, TURNED AROUND, AND WAS TACKLED TO THE GROUND BY AN OFFICER IDENTIFIED AS W. BENNETT.

8. I DID NOT ATTEMPT TO RESIST OUT OF FEAR THAT I'D BE KILLED SO FAR AWAY FROM HOME. WITHIN SECONDS I WAS AT THE BOTTOM OF A DOG-PILE; AN OFFICER WAS CHOKING ME NEAR UNCONSCIOUS; I WAS REPEATEDLY HIT IN THE BACK AND RIBS. I FELT THE SHARP PAINS OF BEING STRUCK WITH A BATON ON MY BUTTOCKS AND LEGS.

9. THE OFFICERS INVOLVED IN THE ASSAULT ON MY PERSON WERE LATER IDENTIFIED AS M. DELAGARZA-DILLARD, T. CAMPBELL, C. SNYDER, AND W. BENNETT BY REPORTS.

10. As a result of the excessive and unnecessary force used against me by the named defendant's I suffered multiple injuries. I was then falsely charged with battery on a peace officer and placed in administrative segregation where I underwent further retaliation by the named defendants in Count Two.

Count Two - The following civil rights have been violated: U.S.C. Eighth Amendment

Supporting Facts -

1. On March 6, 2013, Officer M. Darst did willfully commit an act of assault and battery upon my person in direct violation of my Eighth Amendment right to be free from cruel and unusual punishment. This officer's actions served no penological interests of CDCR.

2. On March 7, 2013, Officer C. Romero did willfully commit an act of assault and battery upon my person in direct violation of my Eighth Amendment right to be free from cruel and unusual punishment. This officer's actions served no penological interests of CDCR.

A full account of the incident supporting facts in Count TWO

7.

1.  FOLLOWING BEING FALSELY CHARGED FOR BATTERY ON A
PEACE OFFICER I WAS PLACED IN ADMINISTRATIVE SEGREGATION
UNDER THE SUPERVISION OF CORRECTIONAL OFFICER'S THAT WERE
ABUSIVE TO INMATES SUSPECTED OF ASSAULTING THEIR FELLOW
OFFICER'S.

2. ON MARCH 6, 2013, PLAINTIFF WAS IN HIS CELL AWAITING
DINNER MEAL. THE CELLS BRIGHT LIGHTS WERE ON AS IS RE-
QUIRED TO RECEIVE ALL MEALS.

3. THE MEAL KART APPROACHED BEING PUSHED BY OFFICER M.
DARST AS I STOOD QUIETLY AT THE CELL DOOR FOOD-PORT. I
SAW THAT THE MEAL KART HAD REGULAR PLASTIC TRAYS FOR
FEEDING INMATES AND ONE PAPER TRAY LOADED WITH HOT FOOD.
OFFICER M. DARST OPENED THE FOOD-PORT OF THE CELL DOOR,
TURNED, AND GRABBED THE PAPER TRAY WITH HOT FOOD.

4. THINKING NOTHING OF IT I BENT DOWN TO RETRIEVE MY
MEAL THROUGH THE FOOD-PORT. AS I EXTENDED MY HANDS TO
GRAB THE PAPER TRAY OFFICER M. DARST THROWS THE PAPER
TRAY WITH HOT FOOD, STRIKING ME ON THE ARMS, CHEST, AND
FACE. AS I SCREAMED OUT IN PAIN AND SHOCK I ASKED, "WHY
?". OFFICER M. DARST LAUGHS AND WALKS AWAY.

5. I FRANTICALLY TRIED TO SOOTHE MY BURNING
SKIN WITH COLD WATER FROM THE SINK. I AM NOT FED
THAT NIGHT AND THE THROWN FOOD REMAINS ON THE FLOOR.

8.

6. On March 7, 2013, Plaintiff was in his assigned cell awaiting dinner meal. The cells bright lights were on as is required.

7. On this day dinner meal was being served by Officer C. Romero. Plaintiff again stood quietly by the cell food-port awaiting dinner. Again, I saw that the meal kart had regular plastic trays and one paper tray with hot food.

8. As dinner was being served by a different officer than the night before Plaintiff had no reason to fear being assaulted again. Officer C. Romero opened the food-port, turned, and grabbed the paper tray with hot food. I bent forward and extended my hands to retrieve my dinner meal. Without any provocation Officer C. Romero throws the paper tray with hot food, striking me on the arms, chest, and face.

9. I scream out in pain and called Officer C. Romero a "Son of a Bitch". Officer C. Romero walks off laughing. For the second night in a row I am not fed.

10. On March 8, 2013, after two nights with no meal and still in pain from my burns, Officer M. Darst is seen. I beg Officer M. Darst, "Please let me eat tonight". Officer M. Darst looks into my cell, sees the thrown

9.

1  FOOD PILING UP ON THE FLOOR AND STATES, "CLEAN THAT MESS
2  UP FIRST AND I'LL LET YOU EAT". I AM WEAK FROM HUNGER
3  AND I CLEAN UP THE DECAYING FOOD LEFT ON THE FLOOR.
4  —

6  <u>COUNT THREE</u> - DUE PROCESS VIOLATION IN VIOLATION OF THE
7                    FOURTEENTH AMENDMENT.

9  <u>SUPPORTING FACTS</u> -
10     ON AUGUST 5, 2013, OFFICER D. SHIPLET DID WILLFULLY
11  REFUSE TO QUESTION MY REQUESTED WITNESSES FOR MY
12  DEFENSE AT DISCIPLINARY HEARING. THIS OFFICER'S ACTIONS
13  VIOLATED PLAINTIFF'S RIGHT TO DUE PROCESS IN VIOLATION OF
14  THE FOURTEENTH AMENDMENT AND SERVED NO PENOLOGICAL
15  INTERESTS OF CDCR.

17     ON SEPTEMBER 4, 2013, LIEUTENANT N. ALBONICO
18  DID WILLFULLY VIOLATE MY RIGHT TO DUE PROCESS BY
19  CONDUCTING A DISCIPLINARY HEARING WITHOUT MY
20  REQUESTED WITNESSES BEING QUESTIONED. THIS OFFICER'S ACT-
21  ION IS IN VIOLATION OF THE FOURTEENTH AMENDMENT AND SERVED
22  NO PENOLOGICAL INTERESTS OF CDCR.

25  A FULL ACCOUNT OF THE INCIDENT SUPPORTING FACTS IN COUNT
26                    <u>THREE</u>

28     1. ON JULY 25. 2013. RULES VIOLATION REPORT LOG# FB-13-08-

012R, THE FALSE CHARGES FOR BATTERY ON A PEACE OFFICER, WAS ORDERED RE-ISSUED / RE-HEARD BECAUSE OF A DUE PROCESS VIOLATION WHERE PLAINTIFF'S REQUESTED WITNESSES WERE NOT QUESTIONED TO AFFORD PLAINTIFF AN ADEQUATE DEFENSE AT THE DISCIPLINARY HEARING.

2. ON AUGUST 5, 2013, OFFICER D. SHIPLET REPORTED TO PLAINTIFF AS THE ASSIGNED INVESTIGATED EMPLOYEE TO GO GATHER ALL EVIDENCE NEEDED FOR PLAINTIFF TO PRESENT AN ADEQUATE DEFENSE AT THE DISCIPLINARY HEARING, TO INCLUDE QUESTIONING ALL REQUESTED WITNESSES TO THE ALLEGED BATTERY.

3. AS THE RULES VIOLATION REPORT WAS RE-ISSUED PLAINTIFF EXPLAINED TO OFFICER D. SHIPLET THAT THE PROCESS FOR THE DISCIPLINARY STARTS ALL OVER FROM THE BEGINNING PER DEPARTMENTAL POLICY OF CDCR, AND PROVIDED A COPY OF SAID POLICY.

4. AS PLAINTIFF KNEW OF NO WITNESSES BY NAME PLAINTIFF REQUESTED THAT INMATES HOUSED IN CELLS 125 TO 145 ANDS CELLS 225 TO 245, THAT WAS HOUSED IN BUILDING ONE (FACILITY-B) ON MARCH 5, 2013, ALL BE QUESTIONED. PLAINTIFF PROVIDED OFFICER D. SHIPLET A LIST OF QUESTIONS TO ASK ALL WITNESSES HOUSED IN THE CELL NUMBERS PROVIDED BUET OFFICER D. SHIPLET DID NOT DO SO.

5. ON SEPTEMBER 4, 2013, PLAINTIFF WENT TO THE DISCIPLINARY HEARING UNPREPARED TO PRESENT A DEFENSE TO MY

11.

INNOCENCE BECAUSE THE REQUESTED WITNESSES WERE NOT QUESTIONED. THE HEARING WAS HELD BEFORE LIEUTENANT N. ALBONICO. PRIOR TO COMMENCEMENT OF THE HEARING PLAINTIFF EXPLAINED TO N. ALBONICO THAT THE RULES VIOLATION WAS ORDERED RE-ISSUED / RE-HEARD BECAUSE MY REQUESTED WITNESSES WERE NOT ALL QUESTIONED THE FIRST TIME. PLAINTIFF FURTHER EXPLAINED THAT THE INVESTIGATIVE EMPLOYEE, D. SHIPLET, COMMITTED THE SAME DUE PROCESS VIOLATION BY NOT QUESTIONING ALL OF MY REQUESTED WITNESSES AND FALSIFYING HIS REPORT.

6. LIEUTENANT N. ALBONICO THEN STATED, "I DON'T CARE ABOUT YOUR DUE PROCESS. I'M FINDING YOU GUILTY." PLAINTIFF'S PRIVILEGE GROUP / WORK GROUP STATUS WAS TAKEN; 150 DAYS WAS ADDED ON TO MY SENTENCE; PLAINTIFF SPENT 18 MONTHS IN A SECURITY HOUSING LOCKDOWN.


## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

1. PLAINTIFF HAS FILED OTHER LAWSUITS IN FEDERAL COURTS DEALING WITH THE SAME OR SIMILAR FACTS INVOLVED IN THIS CASE.

(a) PARTIES TO THE PREVIOUS LAWSUIT:
PLAINTIFF: JAMES CATO, JR. / DEFENDANT: J.R. WESTPHAL, et al.
(b) NAME OF COURT AND DOCKET NUMBER:
U.S.D.C. EASTERN DISTRICT.   CASE # CV-F-02-5486-REC-SMS-P
(C) DISPOSITION:

1    VOLUNTARILY DISMISSED

2 (d) ISSUE RAISED

3    FIRST, FOURTH, EIGHTH, FOURTEENTH AMENDMENT

4 (e) APPROXIMATE DATE OF FILING:

5    APRIL 30, 2002

6 (f) APPROXIMATE DATE OF DISPOSITION:

7    FEBRUARY 2006

8 (g) PARTIES TO PREVIOUS LAWSUIT:

9    PLAINTIFF: JAMES CATO, JR. / DEFENDANT: T. AVILA, et al.

10 (h) NAME OF COURT AND CASE NUMBER:

11    U.S.D.C. EASTERN DISTRICT. CASE #: 1:10-CV-00793-AWI-NJS

12 (i) DISPOSITION:

13    SETTLEMENT REACHED / VOLUNTARILY DISMISSED

14 (j) ISSUE RAISED:

15    EIGHTH AMENDMENT VIOLATION

16 (k) APPROXIMATE DATE OF FILING:

17    MAY 5, 2010

18 (l) APPROXIMATE DATE OF DISPOSITION:

19    MARCH 7, 2014

20

21

22 2. ADMINISTRATIVE EXHAUSTION

23

24    COUNT ONE - REQUIREMENTS PER PRISON LITIGATION

25                REFORM ACT HAS BEEN MET.

26

27    COUNT TWO - REQUIREMENTS PER PRISON LITIGATION

28                REFORM ACT HAS BEEN MET.

COUNT THREE - REQUIREMENTS PER PRISON LITIGATION REFORM ACT HAS BEEN MET.

E. REQUEST FOR RELIEF.
   PLAINTIFF IS SEEKING: (a) COMPENSATORY DAMAGES AGAINST EACH DEFENDANT IN THE AMOUNT OF $25,000.00;

   (b) PUNITIVE DAMAGES AGAINST EACH DEFENDANT IN THE AMOUNT OF $25,000.00;

   (c) COURT INJUNCTION / COURT ORDER ORDERING THE DISMISSAL OF RULE VIOLATION REPORT #FB-13-03-012R;

   (d) ALL COURT COSTS AND FILING FEE'S

F. DEMAND FOR JURY TRIAL.
   PLAINTIFF DEMANDS A TRIAL BY JURY

G. CONSENT TO MAGISTRATE JURISDICTION.
   PLAINTIFF REQUESTS THAT A DISTRICT COURT JUDGE BE DESIGNATED TO DECIDE DISPOSITIVE MATTERS AND TRIAL.

14.

DATE: 8-24-17                          James Coto, Sr.
                                       PLAINTIFF IN PRO SE

## VERIFICATION

I AM THE PLAINTIFF IN THIS MATTER. I HEREBY SWEAR UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: 8-24-17                          James Coto, Sr.
                                       PLAINTIFF IN PRO SE

15.