UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, Jr., <br><br> Plaintiff, <br><br> v. <br><br> M. DARST, et al., <br><br> Defendants. | No. 2:17-cv-1873-TLN-EFB P <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983. On screening, the court found that plaintiff's initial complaint stated cognizable Eighth Amendment excessive force claims against defendants Delagarza-Dillard, Campbell, Snyder, Bennet, Darst, and Romero and found service appropriate for the same. ECF No. 8. All other claims and defendants were dismissed with leave to amend. *Id.* Plaintiff elected to proceed with the excessive force claims. ECF No. 12.

On September 10, 2018, defendants filed a motion to dismiss wherein they argued that plaintiff's excessive force claims against Delagarza-Dillard, Bennett, Snyder, and Campbell were barred by the favorable termination rule announced in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). ECF No. 17. Thereafter, plaintiff filed a first amended complaint. ECF No. 22. Then, after the amended complaint was filed, defendants filed a request for screening and specifically urged the court to determine whether the new complaint cured the deficiencies identified in their

1

motion to dismiss. ECF No. 23. Given that a screening of the complaint necessarily entails the issues raised by the motion to dismiss (i.e., whether the complaint fails to state a claim under Rule 12(b)(6) standards, *see* Fed. R. Civ. P. Rule 12(b)(6)), the request is granted, and the amended complaint is screened below. In so screening, the court considers the issues raised in defendants' motion, including their request for judicial notice.

## Screening

I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the
/////

pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. Analysis

The amended complaint, like its predecessor, raises a series of First and Eighth Amendment claims. Plaintiff alleges that, on March 5, 2013, he was subjected to excessive force by defendants Delagarza-Dillard, Bennett, Campbell, and Snyder. ECF No. 22 at 5. He claims that, after confronting Delagarza-Dillard about a confiscated radio, he attempted to walk away. *Id.* As he did so, the foregoing defendants piled on top of him, choked him, and hit him repeatedly in the back, ribs, buttocks, and legs. *Id.* Plaintiff alleges that this incident of excessive force was orchestrated by Delagarza-Dillard in order to retaliate against him for the filing of a prison grievance appeal alleging racial discrimination. *Id.* at 3. The next day – March 6, 2013 – plaintiff alleges that defendant Darst threw a tray of hot food in his face during meal service. *Id.* at 7. The day after – March 7, 2013 – plaintiff was allegedly subjected to the same by defendant Romero. *Id.* at 8.

The foregoing claims, taken as true, are cognizable. However, for the reasons stated hereafter, plaintiff's claims arising from the March 5, 2013 events should be dismissed.

A. Statute of Limitations

As an initial matter, there appears to be an issue regarding the statute of limitations. The applicable statute of limitations on a claim begins to run upon accrual, that is when a plaintiff knows or has reason to know of the injury which forms the basis of the claim. *See Douglass v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) ("Under federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action."). This is normally the date of the injury. *See Ward v. Westinghouse Canada, Inc.*, 32 F.3d 1405, 1407 (9th Cir. 1994). Here, plaintiff had reason to know of each of the foregoing injuries on the day each occurred.

The applicable statute of limitations for section 1983 actions is that of the forum state. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). The statute of limitations for personal injury torts in California is two years. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ.

Proc. Code § 335.1. The two-year statute of limitations is tolled for two years, however, if the claimant is a prisoner serving a term less than life. *See* Cal. Civ. Proc. Code § 352.1(a); *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow the state's equitable tolling rules to the extent those rules are not inconsistent with federal law). Thus, a prisoner serving a term less than life in California effectively has four years to file a federal section 1983 claim.

Here, each of the claims in the amended complaint rises out of incidents which allegedly occurred in March of 2013. The initial complaint in this action, however, was not filed until August of 2017 – approximately five months after the applicable statute of limitations would have ended. Plaintiff may also be entitled to tolling from the time spent exhausting his claims, however. *See Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (finding that "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process" required by 42 U.S.C. § 1997e(a)). Thus, the court cannot say that the statute of limitations defense is so complete and obvious from the face of the complaint that it warrants sua sponte dismissal.[1] *See Franklin v. Murphy*, 745 F.2d 1221, 1228-1230 (9th Cir. 1984).

      B.   The Favorable Termination Rule

Application of the favorable termination rule "turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). The court previously determined that the due process claims against defendants Shiplet and Albonico were so barred. ECF No. 8 at 3. As noted *supra*, prior to the filing of the amended complaint defendants Delagarza-Dillard, Bennett, Snyder, and Campbell filed a motion to dismiss arguing that the excessive force claims against them were similarly barred. ECF No. 17. After the amended complaint was filed, those defendants requested screening and specifically urged the court to determine whether the new complaint cured the deficiencies identified in their motion to dismiss. ECF No. 23. In so doing, the court will take judicial notice of the documents attached to defendants' motion to dismiss, namely: (1) the superior court abstract of judgment

---

[1] Defendants did not raise a statute of limitations defense in their motion to dismiss.

4

from *People v. James Cato*, No. 961891-9; and (2) the Rules Violation Report, log number FB-13-03-12R. ECF No. 17-2 at 4-23. It is well settled that a court may take judicial notice of court records in another case. *See United States v. Wilson,* 631 F.2d 118, 119 (9th Cir. 1980). Similarly, a federal court may also take judicial notice of orders made in a state court proceeding. *See Miles v. California*, 320 F.3d 986, 987 n.1 (9th Cir. 2003).

The court finds that plaintiff's excessive force claims against defendants Delagarza-Dillard, Bennett, Snyder, and Campbell are barred by the favorable termination rule. As an initial matter, there is no contention from plaintiff that his prison rules violation conviction which resulted in the loss of good time credits has been reversed, expunged, or called into question by issuance of a writ of habeas corpus. And plaintiff is serving a determinate sentence – twenty-five years for carjacking, possession of a firearm, and battery on a non-confined person. ECF No. 17-2 at 5. *Cf. Thomas v. Wong*, No. C 09-0733 JSW (PR), 2010 U.S. Dist. LEXIS 39748, 2010 WL 1233909, at *3-4 (N.D. Cal. Mar. 26, 2010) (holding that habeas jurisdiction was absent because the disputed rules violation, which imposed a 30-day loss of time credits, did not inevitably affect the duration of petitioner's indeterminate sentence). Thus, the invalidation of the rules violation conviction and consequent loss of credits – 150 days – would necessarily result in an earlier release from incarceration.

And there is no question that plaintiff's current allegations against Delagarza-Dillard, Bennett, Snyder, and Campbell are fundamentally inconsistent with the facts upon which he was convicted. As noted *supra*, plaintiff alleges that these defendants attacked him without any penological justification while he was attempting to walk away from officer Delagarza-Dillard on March 5, 2013. ECF No. 22 at 5. By contrast, the rules violation conviction for which plaintiff was convicted found that he threatened to hit an officer, disregarded instructions to return to his cell, lunged at an officer in an attempt to strike him, and threw an officer to the ground when that individual attempted to restrain him. ECF No. 17-2 at 15. Only then did multiple officers engage plaintiff in order to restrain him. *Id.* The Ninth Circuit has held that "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior
/////

5

for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).

In an opposition filed in response to defendants' motion to dismiss, plaintiff argues that the favorable termination rule does not apply insofar as his "action does not depend or rely on a theory that calls into question whether he committed the offense for which he was found guilty." ECF No. 24 at 2. The crux of his argument appears to be that, because he now alleges that the excessive force used against him was undertaken in retaliation for his filing of grievances, it is sufficiently altered to avoid *Heck* preclusion. This argument is unconvincing. If the findings underlying plaintiff's rules violation conviction are credited, the defendants' use of force on March 5, 2013 was penologically necessary. Thus, they cannot have been undertaken, as he now alleges, solely as an act of retaliation in response to his filing of grievances.

Based on the foregoing, the court recommends that plaintiff's excessive force claims against Delagarza-Dillard, Bennett, Snyder, and Campbell be dismissed without prejudice.

### C. Remaining Claims

Plaintiff's remaining claims – that defendants Darst and Romero threw hot food in his face on March 6 and 7 of 2013 – are cognizable and may proceed past screening. These defendants shall have thirty days from the date of service of this order to file a responsive pleading addressing these allegations.

### Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's claims against defendants Darst and Romero arising out of the alleged uses of excessive force on March 6 and 7 of 2013 are cognizable and shall proceed past screening; and

2. Defendants shall have thirty days from the date of this order to file a responsive pleading addressing the foregoing allegations against Darst and Romero.

Further, it is RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 17) be GRANTED; and

/////

2. Plaintiff's excessive force claims against defendants Delagarza-Dillard, Bennett, Snyder, and Campbell be DISMISSED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 23, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE