UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO,<br><br>             Plaintiff,<br><br>     v.<br><br>M. DARST, et al.,<br><br>             Defendants. | No.  2:17-cv-01873-TLN-EFB<br><br>ORDER |

       James Cato ("Plaintiff"), a state prisoner proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

       On March 23, 2020, the magistrate judge filed findings and recommendations which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  (ECF No. 48.)  Defendants have filed objections to the Findings and Recommendations.  (ECF No. 51.)  Plaintiff filed a reply.  (ECF No. 32.)

       This Court reviews *de novo* those portions of the proposed findings of fact to which objection has been made.  28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982).  As to any portion of the proposed findings of fact to which no objection has been made, the Court

assumes its correctness and decides the motions on the applicable law. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. *See Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Having carefully reviewed the entire file under the applicable legal standards, the Court finds the Findings and Recommendations to be supported by the record and by the magistrate judge's analysis.

The magistrate judge's recommendation to deny Defendants' Motion for Summary Judgment turns on the finding that Defendants failed to show there were *actual* remedies available to Plaintiff should he be granted the third level of review in the administrative exhaustion process. Defendants argue Plaintiff would have some remedy available to him even though an investigation had already been performed. Defendants, in their motion and reply, rely on the language of the notice partially granting Plaintiff's second level review which indicates the availability of a remedy at the third level, but does not specify what that remedy might be. The magistrate judge found that while the language allowed Plaintiff to appeal to the third level, it was unclear whether review at that level could result in any actual remedies that were not already granted at the first and second levels. This is especially the case given that an investigation — the form of relief requested by Plaintiff — had already been performed.

The Court agrees with the magistrate judge's application of *Brown v. Valoff*, 422 F.3d 926, 939 (9th Cir. 2005) in finding that "to discharge their burden of showing an available administrative remedy, defendants must present evidence not only that third level review was technically possible, but that an appeal to the third level might have netted plaintiff additional relief." (ECF No. 48 at 15.) Defendant has established that review was technically possible but failed to produce evidence showing that Plaintiff could acquire some additional relief from that review. This remains true in Defendants' objections. For this reason, Defendants' objections are overruled. Additionally, Defendants' request for an *Albino* hearing is denied as this Court is not required to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation. *See Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002).

///

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 23, 2020 (ECF No. 48), are adopted in full;

2. Plaintiff's February 18, 2020 Motion for Relief from Judgment (ECF No. 47) is DENIED without prejudice to its filing in Eastern District Case No. 2:14-cv-0959-TLN-KJN-P; and

3. Defendants' October 15, 2019 Motion for Summary Judgment (ECF No. 37) is DENIED.

IT IS SO ORDERED.

DATED: May 27, 2020

Troy L. Nunley
United States District Judge