UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>M. DARST, *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:17-cv-01873-TLN-JDP (PC)<br><br>ORDER DENYING AS MOOT DEFENDANTS' MOTIONS TO COMPEL<br><br>ECF Nos. 57, 60<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE VOLUNTARILY DISMISSED WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)<br><br>ECF No. 62<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

　　　　Plaintiff is a former state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On October 6, 2020, defendants filed a motion to compel plaintiff to provide responses to written discovery. ECF No. 57. Plaintiff failed to file a response to that motion. Accordingly, on November 13, 2020, I ordered him to show cause why this action should not be dismissed for failure prosecute and to comply with the court's local rules. ECF No. 59. On that same date, defendants filed a second motion to compel, this time seeking an order requiring plaintiff to appear for his deposition. ECF No. 60.

1

Plaintiff, rather than responding to the order to show cause and defendants' motions, subsequently filed a notice of voluntary dismissal. ECF No. 62. Because defendants had already filed an answer and motion for summary judgment, I directed defendants to file a document stipulating to dismissal of this action without prejudice under Rule 41(a)(1)(A)(ii) or otherwise respond to plaintiff's notice. ECF No. 63. Defendants have since filed an opposition to plaintiff's notice for voluntarily dismissal. ECF No. 64. Therein, they argue that this action should be dismissed with prejudice or, should the court dismiss the action without prejudice, they should be awarded the reasonable expenses they incurred in seeking discovery. I find neither argument persuasive and recommend that this action be dismissed without prejudice.[1]

**Legal Standards**

Under Rule 41(a)(1)(A)(i), a plaintiff is permitted to dismiss his case without a court order prior to a defendant serving an answer or motion for summary judgment. Dismissal under that rule is effective upon the filing of a notice of voluntarily dismissal. *See Com. Space Mgmt. Co. v. Boeing Co., Inc.*, 193 F.3d 1074, 1078 (9th Cir. 1999) (observing that "a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it"). However, once the defendant has served an answer or motion for summary judgment, an action can only be voluntarily dismissed either by a stipulation signed by all appearing parties or "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1)(A)(ii), (a)(2). Dismissal is without prejudice unless the stipulation or order states otherwise. *Id*.

A motion for voluntary dismissal should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987). "'Legal prejudice' is 'prejudice to some legal interest, some legal claim, or some legal argument.'" *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 (9th Cir. 2017). It does not, however, encompass "the expenses incurred in defending against a lawsuit."

---

[1] In light of this recommendation, defendants' motion to compel, ECF No. 57 & 60, are denied as moot.

2

**Analysis**

Defendants concede "that there is no plain legal prejudice sufficient to prevent dismissal" of this action, ECF No. 64 at 3, but they argue that plaintiff's delay in responding to discovery and refusal to sit for his deposition warrant dismissal with prejudice. *Id*. at 3-4. In deciding whether a dismissal should be with or without prejudice, a court generally considers: "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the actions, and (3) insufficient explanation of the need to take a dismissal." *Williams v. Peralta Cmty. College Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005).

The first two factors weigh in favor of dismissal without prejudice. Although this action was commenced in August 2017, ECF No. 1, defendants did not file their response to the first amended complaint until June 2019, ECF No. 30. They then unsuccessfully moved for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies, ECF No. 37, and discovery was stayed pending resolution of that motion, ECF No. 38. In June 2020, after the court denied defendants' motion for summary judgment, the parties were authorized to engage in merit-based discovery. ECF Nos. 54, 55. Discovery appears to have been limited to defendants serving written discovery and noticing plaintiff's deposition; nothing suggests that plaintiff served discovery requests. And while defendants did file two motions to compel, those motions were based on plaintiff's complete failure to engage in discovery and therefore appear to have required minimal effort to prepare. Accordingly, defendants have not expended significant efforts in litigating this action. Further, the record does not reflect that plaintiff excessively delayed seeking dismissal of this case. Indeed, he sought to voluntarily dismiss this action a little more than a month after defendants filed their first motion to compel.

The last factor—plaintiff's explanation for seeking dismissal—weighs in favor of dismissal with prejudice. Plaintiff's notice merely states that "due to events beyond [his] control [he] can no longer proceed with this case." ECF No. 62. But the lack of a more detailed explanation alone does not warrant dismissal without prejudice, especially considering that

1  plaintiff is proceeding without the benefit of counsel. Accordingly, I find dismissal without
2  prejudice to be appropriate.

3        The only remaining matter is whether defendants should be awarded costs and attorney's
4  fees as a condition of dismissing this action without prejudice. *See Westlands Water Dist. v.*
5  *United States*, 100 F.3d 94, 97-98 (9th Cir. 1996). Defendants seek $1,980 in attorney's fees for
6  time spent preparing their two motions to compel, plus $891.96 they paid for a court reporter to
7  appear at the noticed deposition plaintiff failed to attend. ECF No. 64-1 at 2.

8        Courts retain discretion to condition dismissal without prejudice on the payment of costs
9  and fees. *Westland*, 100 F.3d at 97 ("Imposition of costs and fees as a condition for dismissing
10 without prejudice is not mandatory . . . ."). In deciding whether to condition dismissal without
11 prejudice on payment of costs and attorney fees, "courts generally consider the following factors:
12 (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense
13 incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed;
14 and (4) the plaintiff's diligence in moving to dismiss." *Williams*, 227 F.R.D. at 540
15 (modifications omitted). If the payment of fees is imposed as a condition of dismissal, "the
16 defendants should only be awarded attorney fees for work which cannot be used in any future
17 litigation of" the plaintiff's claims. *Westlands*, 100 F.3d at 97.

18       Having considered the relevant factors, I find that defendants should not be awarded the
19 requested fees and costs. If plaintiff does file another action involving the same claims, Rule
20 41(d) permits defendants to seek the costs that they incurred in this action. And as previously
21 noted, defendants have not expended significant effort litigating this action, discovery has been
22 minimal, and plaintiff's delay in seeking dismissal was not excessive. I therefore find that
23 imposing an award of costs as a condition to dismissal without prejudice is not appropriate.

24       Accordingly, it is hereby ORDERED that defendants' motions to compel, ECF Nos. 57 &
25 60, are denied as moot.

26
27
28

4

Further, it is RECOMMENDED that:

1. Plaintiff's notice of voluntary dismissal, ECF No. 62, be construed as a motion for voluntarily dismissal.

2. So construed, plaintiff's motion, ECF No. 62, be granted.

3. This action be voluntarily dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 28, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE